United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALEX CORNS,** | Case No.: 09-CV-4403 YGR |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL** |
| v. | |
| **LABORERS INTERNATIONAL UNION OF NORTH AMERICA; NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS; AND HOD CARRIERS LOCAL UNION NO. 166, AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA,** | |
| Defendants. | |

Plaintiff Alex Corns ("Corns") brings the instant action against Laborers International Union of North America ("LIUNA"); Northern California District Council of Laborers ("District Council"); and Hod Carriers Local Union No. 166, affiliated with the Laborers International Union of North America ("Local 166") (collectively, "Defendants") under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 412, on September 18, 2009.

Corns has filed a Motion to Disqualify David A. Rosenfeld, Barry E. Hinkle, Roberta D. Perkins, Concepcion E. Lozano-Batista and the law firm of Weinberg, Roger & Rosenfeld (collectively, "Counsel") from continuing to represent Defendants jointly on the grounds that this joint representation involves a conflict of interests between Local 166 and the other union defendants (the District Council and LIUNA), making disqualification necessary to protect the integrity of the judicial process by enforcing counsel's duty of loyalty. (Dkt. No. 61, "DQ Motion".)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Disqualify Counsel.

## I. BACKGROUND

### A. Procedural History

Corns filed the instant action against Defendants on September 18, 2009. The parties' roles are as follows: Corns was a member of Local 166 at the time of the filing of this lawsuit and is now retired. Local 166 is a local union affiliate of LIUNA. The District Council is a subordinate body of LIUNA with delegates from fifteen different local unions in Northern California, including Local 166.[1]

The complaint seeks relief against Defendants for imposition of organizing fee increases and dues increases that were enacted in a manner alleged not to comply with the LMRDA. The operative complaint in this action seeks damages on behalf of "plaintiff and other members of Local 166" because of the dues increase; an order "directing defendants to restore all money unlawfully collected to the members of Local 166 from whom such money was taken;" declaratory and injunctive relief to halt collection of the increased dues; declaratory and injunctive relief with respect to Defendants' constitutional provisions purporting to permit those dues increases; and punitive damages. (Complaint ¶¶ 23, 24, 25, 27, 28, 8:2, 8:5-6.)

This Court previously granted summary judgment in Defendants' favor, finding that the organizing fee and dues increases were lawfully enacted under the LMRDA. The Ninth Circuit reversed that decision in part with respect to the lawfulness of the dues increase vote. The Ninth Circuit held that the District Council could not vote to increase the dues on Local 166's members in the manner it did because the District Council are not "members" of Local 166 under the LMRDA's definition of "member." *Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901, 915-16 (9th Cir. 2013). The Ninth Circuit remanded to this Court for further proceedings consistent with its opinion.

## II. DISCUSSION

Whether to disqualify counsel is a matter firmly committed to the district court's discretion. *See Gas–A–Tron of Ariz. v. Union Oil Co. of Calif.,* 534 F.2d 1322, 1325 (9th Cir.1976). The Civil

---

[1] The facts recited herein are taken from Corns' Complaint as well as from the record of the litigation. *Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901 (9th Cir. 2013)

Local Rules for the Northern District of California provide that every attorney practicing in this District must "comply with the standards of professional conduct required of the members of the State Bar of California." N.D. Cal. Civ. Local Rule 11–4(a)(1). As a result, when ruling on a motion to disqualify, the Court applies California law. *Genentech, Inc. v. Sanofi–Aventis Deutschland GMBH,* C08–04909 SI, 2010 WL 1136478 at *4 (N.D.Cal. Mar.20, 2010) (citing *Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.,* 264 F.Supp.2d 914 (N.D.Cal.2003)); *see also In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("we apply state law in determining matters of disqualification").[2] The Court therefore looks to the California Rules of Professional Conduct, and cases interpreting those rules, in reaching its decision on this motion.

Under California law, disqualification of counsel is employed to protect the integrity of the judicial process by enforcing counsel's duties of confidentiality and loyalty. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.,* 20 Cal.4th 135, 1146-1147 (1999); *see also Flatt v. Superior Court* (1994) 9 Cal.4th 275, 283-284 (1994). "Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." *SpeeDee Oil Change,* 20 Cal.4th at 1145. Generally, motions to disqualify counsel are disfavored since they may "pose the very threat to the integrity of the judicial process that they purport to prevent." *Visa U.S.A. v. First Data Corp.,* 241 F.Supp.2d 1100, 1104 (N.D.Cal.2003), quoting *Gregori v. Bank of America,* 207 Cal.App.3d 291, 300-01 (1989). Thus, the Ninth Circuit has held that requests for disqualification "should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir.1985) (citations omitted).

Here, the Court finds that Plaintiff has not met his burden to show that he has: (1) standing to seek disqualification of Defendants' counsel; or (2) a basis for finding a disqualifying conflict

---

[2] Defendants contend that California law does not apply to the question of disqualification here because this action involves a union, and state laws are preemption under the LMRDA. As the issue is one of Counsel's conduct, rather than a union's, Defendants' position does not appear to be correct. Defendants cite no authority on point, nor do they suggest what rules of professional conduct would apply if California law does not.

that is more than speculation. Further, the timing and delay of Plaintiff's motion suggest that disqualification would be particularly inappropriate here.

### A. Standing

The requirements for standing, necessary for any party to seek relief from a federal court, are that the party have personally suffered from an "injury in fact," which is causally related to the conduct at issue and redressable by a favorable decision of the court. *Colyer v. Smith,* 50 F.Supp.2d 966, 968 (C.D.Cal.1999) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). The party moving to disqualify counsel bears the burden of establishing these "irreducible constitutional minimum" elements with respect to the particular issues the party wishes to have decided. *Id.*; *see also Canatella v. Stovitz*, C 00-01105 JSW, 2004 WL 2648284 at *1 (N.D. Cal. Sept. 13, 2004). As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless a former client moves for disqualification. *Colyer,* 50 F.Supp.2d at 969. Except in limited circumstances, the party moving for disqualification must be a present (or former) client of the attorneys against whom he is seeking disqualification. *Great Lakes Const., Inc. v. Burman*, 186 Cal.App.4th 1347, 1356–1359 (2010) (no standing to disqualify opposing counsel from jointly representing adversaries who allegedly had conflict of interest).[3]

Here, Plaintiff is not a present or former client of the firm representing Defendants. As in *Great Lakes,* Plaintiff moves to disqualify based upon an alleged conflict between the Defendants, rather than asserting his own personal interest in policing counsel's duty of loyalty to him. *Cf. Great Lakes,* 186 Cal. App.4th at 1356-57 (contractor had no standing to challenge alleged conflict

---

[3] Though the Ninth Circuit has not yet addressed the question of whether a non-client has standing to disqualify counsel, the *Colyer* court adopted a majority rule which holds that only former and current clients have standing to move to disqualify opposing counsel. The narrow exception to this rule, set forth by the *Colyer* court, arises when the ethical basis for the motion "so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of [the moving party's] claims." *Id.* at 971; *see also Deca View Distribution Co. v. Deca View Asia Corp.,* 2000 WL 1175583 at *10 (N.D.Cal.2000). More recent California authority has rejected this exception as a minority view. *Great Lakes Const.*, 186 Cal.App.4th at 1356-57.

arising from joint representation of homeowner and subcontractor in action against contractor). And, as there, the disqualification motion must be denied for lack of standing.

Plaintiff argues that, as a member of Local 166, he has a personal interest in Local 166's financial health, as well as in ensuring a fair vote concerning any dues increase. He analogizes his position to that of an owner's interest in a corporation, citing *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 818 (N.D. Cal. 2004). First, the *Concat* case is inapposite. There, Concat sought to disqualify the firm representing its opponent, despite never having been a client of the firm itself. However, Winchester, Concat's managing partner and a percipient witness to key facts in the litigation, was a current client of the firm. *Id.* at 819. The court found that Concat had standing to raise the conflict, given the relationship and unity of interests between Winchester and Concat. *Id.* Here, Plaintiff does not have, and never has had, any client relationship with Counsel; only Local 166 and the other defendants have such a relationship. Plaintiff is one member of Local 166, not a controlling member of a corporation. Plaintiff does not have the kind of close relationship with the client, and interest in protecting loyalty and confidentiality, as the non-client corporation did in *Concat*. Second, Plaintiff's concerns about the financial health of Local 166, arising from the possibility of an order of restitution and failure of contribution from the other two defendants, do not establish the kind of "interest which is (a) concrete and particularized, and (b) actual or imminent" required to show standing. *Great Lakes Const.*, 186 Cal. App. 4th at 1358 citing *Colyer,* 50 F.Supp.2d at 973.

**B.     Presence of a Conflict**

Even if the Court were to find that Corns has standing to seek Counsel's disqualification, he has not shown that Local 166's interests are adverse to the other two defendants. All three defendants have been represented by the same lawyers and law firm throughout this litigation, at the district court and on appeal. Upon remand, Local 166 filed a motion to hold a retroactive vote on the dues increase and stay further proceedings. In that motion, Local 166 argues that the financial cost of continuing this litigation and the potential remedy of reimbursement of the dues collected would "seriously impact" its financial well-being and continued existence. (Dkt. No. 58, "Motion for Retroactive Vote".) More specifically, Local 166 contends that an order to reimburse

5

the several hundred thousand dollars in dues collected since the dues increase was instituted would completely wipe out the assets of the local union.

Seizing on these arguments, Plaintiff contends that "[t]he motion puts Local 166 and its members in direct conflict with the interests of the District Council and LIUNA." (DQ Motion at 9:5-6.) Plaintiff points out that Local 166's motion makes no reference to any liability for reimbursement on the part of the District Council or LIUNA, and does not address any indemnity or contribution Local 166 might be able to seek against them in order to reimburse the dues collected. Based on this asserted discrepancy, and on certain evidence Plaintiff offers regarding the Defendants' payment of attorneys' fees and ability to cover the costs of judgment, Plaintiff moves to disqualify Defendants' counsel.[4]

Corns has not established that any conflict here is more than speculative. Indeed, given their shared liability and interconnected relationship, it appears that Defendants have a *mutual*, not conflicting, interest in the resolution of the case. No indemnification obligation has arisen between Defendants. More importantly, Corns has not shown that any indemnification obligation that LIUNA or the District Council would have to Local 166 would not be honored, or that Local 166, the District Council, and LIUNA would differ on this issue. Likewise, the July 19 vote of the District Council does not demonstrate that either the District Council or LIUNA would not indemnify Local 166, if required.

As Corns concedes, "[s]o long as the unions accept[ ] joint responsibility, there [is] no disqualifying conflict." (Reply at 8:13-15.) Corns offers no authority to support his position that a conflict exists between parties in a situation such as this, where one firm concurrently represents an umbrella organization (like LIUNA) and its subordinate organizations that might, but currently do not, have adverse interests. "Joint representation alone simply does not trigger an ethical violation requiring automatic disqualification." *Great Lakes Const.*, 186 Cal. App. 4th at 1359, *citing*

---

[4] In reply, Plaintiff argues for the first time that there was a July 19 vote of the District Council regarding prospective approval of the dues increases, and this vote shows the District Council is taking a position contrary to the interests of Local 166. (Reply, Dkt. No. 73, 8:11-13.) Taking these representations as true, Corns has still not demonstrated that the District Council's vote is in conflict with the interests or position of Local 166.

6

*SpeeDee Oil Change,* 20 Cal.4th at 1145; *Dino v. Pelayo,* 145 Cal.App.4th 347, 355–356 (2006). Defendants are entitled to their choice of counsel and, unless and until a conflict emerges, the joint representation here does not appear to implicate Counsel's duty of loyalty to each client. In the event that it does, it is up to the client to take appropriate steps to remedy such a conflict.

Plaintiff cites to the district court's decision in *Dimenco v. Serv. Employees Int'l Union*, C 10-03112 SBA, 2011 WL 89999 (N.D. Cal. Jan. 10, 2011) for the proposition that, when a local union and its members have a common interest, those common interests must be considered in determining disqualification. The posture of the case and the conflict at issue in *Dimenco*, however, bears no relation to this case. In *Dimenco*, plaintiffs were members of Union A suing to end a trusteeship over Union A. Plaintiffs' counsel concurrently represented Union B, a union adverse to Union A in other litigation concerning that same trusteeship dispute. The court in *Dimenco* found that "by representing Plaintiffs—who stand in the shoes of the [Union A]—in this action, while simultaneously representing rival union [Union B]," the firm violated the rules against simultaneous representation of parties with adverse interests. *Dimenco*, 2011 WL 89999 at *4. Here, there is no evidence or indication that Counsel is concurrently representing parties with adverse interests.

Corns also relies on decisions addressing conflicts of interest in cases of alleged fraud and breaches of fiduciary duty by union officers. *See, e.g., Urichuck v. Clark,* 689 F.2d 40, 42 (3rd Cir. 1982); *Milone v. English,* 306 F.2d 814 (D.C. Cir. 1962); *International Brotherhood of Teamsters v. Hoffa,* 242 F. Supp. 246, 256 (D.D.C. 1965). In those cases, because the union officers had taken action against the interests of the union itself, counsel could not represent the union and the accused officers jointly. Those cases are irrelevant here. All three defendants in this action are alleged to have violated LMRDA jointly. Nothing in the litigation suggests that they have maintained any different position as to the propriety of the dues increase or any different position as to resolution of the action.

**3.     Delay**

Finally, leaving aside the lack of standing and lack of evidence of a conflict, the motion here comes very late in the proceedings. Even where a motion to disqualify is otherwise

meritorious, inexcusable delay may warrant denial. *Forrest v. Baeza*, 58 Cal.App.4th 65, 77-78 (1997). In considering whether disqualification should be denied due to delay, "the court should consider not only the length of the delay but also "such factors as when the movant learned of the conflict; whether the movant was represented by counsel during the delay; why the delay occurred, and in particular whether the motion was delayed for tactical reasons; and whether disqualification would result in prejudice to the nonmoving party." *S.E.C. v. King Chuen Tang,* 831 F. Supp. 2d 1130, 1144 (N.D. Cal. 2011) (quoting *Employers Ins. of Wausau v. Albert D. Seeno Const. Co.,* 692 F.Supp. 1150, 1165 (N.D.Cal. 1988).)

Here, the three defendants have been represented by the same counsel for years, through litigation at the district court, up to the court of appeal, and back. Nothing significant has changed about the relationship between the defendants here except that Local 166, in the context of a motion seeking a retroactive vote of its membership, argued that the consequences of taking a different course – an immediate order of restitution – would result in financial hardship to it. The delay in making this motion and the prejudice that would result to Defendants weigh in favor of denying disqualification.

### III. CONCLUSION

For the foregoing reasons, the Motion to Disqualify David A. Rosenfeld, Barry E. Hinkle, Roberta D. Perkins, Concepcion E. Lozano-Batista and the law firm of Weinberg, Roger & Rosenfeld is **DENIED**.

This terminates Docket No. 61.

**IT IS SO ORDERED**.

Date: March 31, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**