UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX CORNS,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>LABORERS INTERNATIONAL UNION OF NORTH AMERICA; NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS; AND HOD CARRIERS LOCAL UNION NO. 166, AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA,<br><br>　　　Defendants. | Case No.: 09-CV-4403 YGR<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RETROACTIVE ELECTION AND STAY WITHOUT PREJUDICE; SETTING EVIDENTIARY HEARING AND FURTHER PROCEEDINGS** |

Plaintiff Alex Corns ("Corns") brings the instant action against Laborers International Union of North America ("LIUNA"); Northern California District Council of Laborers ("District Council"); and Hod Carriers Local Union No. 166, affiliated with the Laborers International Union of North America ("Local 166") (collectively, "Defendants") under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 412 on September 18, 2009.

The complaint challenged the propriety of imposition of both a dues increase and organizing fees. The district court granted summary judgment in favor of Defendants on both issues. On March 7, 2013, the Ninth Circuit reversed in part, finding a violation of the LMRDA as it related to the dues increase only, and remanding the action for further proceedings consistent with its opinion. *Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901, 915-16 (9th Cir. 2013). Mandate issued thereafter on June 26, 2013. Presently before the Court is Local 166's Motion For Order Directing Retroactive Election And Request For Stay Of Proceedings (Dkt. No. 58).

Having carefully considered the papers submitted and the pleadings in this action, and the arguments of counsel, and for the reasons set forth below, the Court **ORDERS** that the Motion is **DENIED WITHOUT PREJUDICE** and **SETS** an evidentiary hearing and further briefing, as stated

herein. While a retroactive election ultimately may be the appropriate remedy under the circumstances here, the Court is not in a position to make that determination without additional information.

## I. BACKGROUND

### A. SUMMARY OF FACTS

Corns filed the instant action against Defendants on September 18, 2009. At the time of the filing of this lawsuit, Corns was a member of Local 166. Local 166 is a local union affiliated with LIUNA. The District Council is a subordinate body of LIUNA, with delegates from fifteen different local unions in Northern California, including Local 166.[1] The District Council "is charged with the responsibility to unify all of the economic and other forces of the affiliated Local Unions in its area, as a central representative body of such Local Unions." Unif. Dist. Council Const. art. II, § 1.

#### 1. Structure of the Union Affiliates

According to both the International Constitution and the Uniform District Council Constitution, the District Council's membership consists of delegates from its affiliated local unions. The District Council possesses the constitutional authority "[t]o negotiate, bargain for and enter into understandings and agreements with employers, for and [on] behalf of its affiliated Local Unions and to enforce and police the observance thereof by employees and employers, Local Unions and their members...." Unif. Dist. Council Const. art. II, § 2(d). The Uniform District Council Constitution also empowers the District Council to establish and regulate the amount of dues and initiation fees paid by members of its affiliated local unions. *Id.* art. II, § 2(e). To increase dues or fees, the District Council convenes a special convention at which delegates vote on whether to increase dues for one or more of the fifteen local affiliate unions. *Id.* art. VIII, § 2.

Pursuant to its local union Constitution, Local 166 is authorized to establish its own rules and policies; to bargain collectively with employers on behalf of its members; and to otherwise provide for the well-being and security of its members, officers, and employees through the

---

[1] The facts recited herein are taken from Corns' Complaint as well as from the Ninth Circuit's decision on appeal. *Corns*, 709 F.3d 901.

2

establishment of insurance, health, and welfare benefit plans. *Id.* art. II, § 2. Local 166 is also empowered to raise income from dues, fees, and assessments payable by its members. *Id.* art. II, § 2(b). Like the Uniform District Council Constitution, the Uniform Local Union Constitution provided that dues and initiation fees shall be established and regulated by the District Council. *Id.* art. VIII, § 1. If dues and initiation fees were not established by the District Council, Local 166 is authorized to impose them by a secret ballot vote of the membership. *Id.* art. VIII, § 2.

### 2. Local 166 Members' Dues and Fees Structure

Local 166 members' dues and fees are dictated by multiple collective bargaining agreements, some of which were negotiated by the District Council pursuant to its constitutional authority. Local 166 members work under local collective bargaining agreements negotiated by Local 166 or the District Council ("the Local 166 Agreements"), or under broader collective bargaining agreements negotiated by the District Council on behalf of multiple local unions in various Northern California counties. Local 166 members' wages and dues rates vary depending on the collective bargaining agreement applicable to their work assignment. Members pay: (1) union dues consisting of regular dues in a fixed monthly amount; (2) "working dues" in an amount that corresponds with the hours each member works; and (3) organizing fees in an amount that varies depending on the location of the work and the governing collective bargaining agreement. Individual employers withhold these dues and fees from Local 166 members' wages and, depending on the governing collective bargaining agreement, the deductions are remitted to either Local 166's Trust Funds or the District Council's Trust Fund.

### 3. The Challenged Dues Increases

Corns challenged dues increases included in the 2008–2010 Local 166 Agreements as improperly enacted.[2] At a general meeting held on June 20, 2008, the District Council approved

---

[2] Corns' original complaint challenged the organizing fees imposed by LIUNA and the dues increases included in the 2008–2010 Local 166 Agreements. The Ninth Circuit affirmed the denial of his challenge to the organizing fees, and affirmed his challenge to the dues increase. Thus, the Court limits the discussion to the dues increase.

the 2008–2010 Agreements negotiated by the District Council on behalf of Local 166, all of which included wage and dues increases. The agreements included an effective date of July 1, 2008.

Thereafter, on June 26, 2008, the agreements were presented to Local 166 members at the Local 166 general board meeting. Corns objected at the meeting and requested that a standing vote count of the membership be taken to approve the new agreements. Despite the fact that the 2008–2010 Local 166 Agreements had already been ratified by the District Council, a standing vote of the Local 166 members was taken regarding the dues increases. A majority of Local 166 members voted in favor of the 2008–2010 Local 166 Agreements, including the dues increases therein.[3]

Corns wrote LIUNA's general president to express his concern about the imposition of a dues increase by the District Council without a secret ballot vote of the local membership. The District Council then convened a special dues convention to reconsider the dues increases. At the special convention held on September 19, 2008, the District Council's delegates, including two Local 166 representatives, voted unanimously to approve the dues increase included in the 2008–2010 Local 166 Agreements.

Corns again wrote a letter to the LIUNA president objecting to the vote of the District Council special convention. LIUNA's general president responded to Corns on March 13, 2009, explaining that LIUNA took the position that Local 166's dues were properly increased in accordance with the Uniform District Council and Uniform Local Union constitutions.

//
//
//
//

---

[3] Local 166's sergeant-at-arms conducted the standing vote, which resulted in thirty votes in favor of the 2008–2010 Local 166 Agreements and twenty-nine votes against. Corns challenged the vote on the ground that the sergeant-at-arms was the son of Local 166's business manager. At the business manager's request, the District Council's assistant business manager requested the approval of the membership to take another standing vote count. Following the membership's approval of his request, the membership also approved a request to permit a District Council executive board member to take the count with the District Council's assistant business manager. The second standing vote resulted in thirty-six votes in favor of, and thirty votes opposed to, the 2008–2010 Local 166 Agreements.

4

**B.     PROCEDURAL HISTORY**

**1.     Proceedings in the District Court**

Thereafter, Corns filed this lawsuit, seeking damages for the increased dues deducted from his wages as a member of Local 166, declaratory relief to prevent the District Council from imposing dues increases, and injunctive relief.

On December 13, 2010, the parties filed cross-motions for summary judgment. In its order denying Corns' motion for partial summary judgment and granting Defendants' motion, the district court concluded that section 101(a)(3) of the LMRDA provides alternative methods for levying assessments and increasing dues, and requires a secret ballot vote of the local membership only when a local labor organization imposes an assessment or dues increase. Because LIUNA and the District Council are not local labor organizations, the district court concluded that they validly approved the dues increase by a vote of delegates at a special convention of the District Council in accordance with section 101(a)(3)(B)(i).

**2. Proceedings in the Ninth Circuit**

On review, the Ninth Circuit determined that the vote to increase the dues was not properly approved, since even if a "secret ballot" is not required for a dues increase by a "labor organization, other than a local labor organization," the District Council here could not properly authorize the dues increase. While the LMRDA permits a dues increase by either method, here the Ninth Circuit found that the District Council did not have the authority to approve the dues increase under its constitution as written, since the "members" of the District Council did not include *all* Local 166 members, but only the Local 166 delegates. Reversing the district court's grant of summary judgment, in part, the court held:

> To properly impose a dues increase, the [District Council], which is not a local labor organization, must comply with the requirements set forth in § 101(a)(3)(B) of the LMRDA. 29 U.S.C. § 411(a)(3)(B). The statute only permits a labor organization to impose a financial extraction, such as a dues increase, ***on its own members***. *Id.* § 411(a)(3). As explained above, under the LMRDA, a "member" "when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions

5

> of the constitution and bylaws of such organization." *Id.* § 402(*o*). We therefore look to the [District Council's] constitution and bylaws to determine who is a member of the labor organization.
>
> The International Union and Uniform District Council constitutions explicitly define the membership of district councils, such as the [District Council here], as the delegates from affiliated local unions, who have been elected in the manner and number provided for in the Uniform District Council Constitution.  Int'l Union Const. art. XIX, § 5; Unif. Dist. Council Const. art. I, § 2, art. IV, § 1.
> \*\*\*
> …the membership qualifications and obligations delineated in the Uniform District Council Constitution, which are relevant under the LMRDA for purposes of defining a labor organization's membership, apply to union delegates, not individual union members.  Unif. Dist. Council Const. art. IV, §§ 3–4.  We also find it significant that the International Union Constitution expressly provides that the members of LIUNA consist of the members of its affiliated local unions.  Int'l Union Const. art. I, § 1.
>
> … the mere fact that Local 166 members are bound by the constitutions and bylaws of all of the labor organizations in the Unions' hierarchy is not sufficient to bring them within the definition of ***"member"*** for purposes of the LMRDA.
>
> … We therefore conclude that the [District Council] violated § 101(a)(3) of the LMRDA when it imposed a dues increase on Local 166 members.

*Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901, 915-16 (9th Cir. 2013) (emphasis supplied). Having so held, the Ninth Circuit remanded to this Court "for further proceedings consistent with this opinion." *Id.* at 916.

### 3. Proceedings Post-Remand

Following remand, Local 166 filed the instant motion for an immediate retroactive election of Local 166 to cure the due increase vote found improper by the Ninth Circuit.[4]  Corns opposed. The Court, in hearing the arguments of the parties on this motion, ordered the parties to meet and confer to attempt to fashion a resolution of their dispute on the proper remedy.  The parties' efforts were unsuccessful.  (*See* Joint Compliance Statement, Dkt. No. 80.)

---

[4] Upon remand, LIUNA took steps to cure the deficiency found by the Ninth Circuit.  The District Council's constitution has now been amended to reflect that members of all local unions, including Local 166, are members of their affiliated District Councils.  Thereafter the District Council held a Special Dues Convention to affirm all dues increases prospectively.  (Declaration of Lozano-Batista, Dkt. No. 63, Exh. 4 and 5.)

6

## II. DISCUSSION

### A. PARTIES' ARGUMENTS REGARDING APPROPRIATE RELIEF

Local 166, through the instant motion, essentially seeks an order deciding the proper remedy for the LMRDA violation the Ninth Circuit found. Local 166's motion seeks an order directing that a secret ballot election of eligible members be held to approve retroactively, or reject, the dues increase implemented in connection with ratification of the 2008-2010 Collective Bargaining Agreements and for an order temporarily staying all further proceedings until the retroactive secret ballot vote is conducted.

By contrast, Corns argues that restitution is the only appropriate remedy here, citing other cases where courts have so ordered. Corns opposes a retroactive vote. Corns contends that the only way the LMRDA can be enforced meaningfully is if unions are required to pay restitution for an improper vote, rather than simply being permitted to fix improper elections by a retroactive vote. Corns argues a variety of facts in opposition to the motion – concerning the salaries and disbursements to union officers and employees, their salaries relative to other local unions' officers and employees, and per capita taxes received by the District Council and LIUNA, among others. Local 166 disputes many of Corns' assertions.

The Court has broad authority to order appropriate relief to remedy a violation of the LMRDA pursuant to section 102, 29 U.S.C. § 412. *Hall v. Cole*, 412 U.S. 1, 10-11 (1973) (broad mandate to fashion relief included award of attorneys' fees in appropriate situations) (citing *Gartner v. Soloner*, 384 F.2d 348, 353 (3d Cir. 1967)). The Court's determination of the "appropriate" relief is based upon all the facts and circumstances before it. *Id.* As the Supreme Court stated in *Hall*, section 201 of the LMRDA "necessarily demands that remedies 'be tailored to fit facts and circumstances admitting of almost infinite variety,' and… was therefore cast as a broad mandate to the courts to fashion 'appropriate' relief." *Hall*, 412 U.S. at 10-11 (internal citation omitted); *see also Barnes v. Sanzo*, 680 F.2d 3, 5 (2d Cir. 1982) (remedy must be "fair, reasonable and 'appropriate' within the meaning of section 102 of the LMRDA").

The parties have not provided the Court with sufficient information from which it can determine the appropriate remedy here. Accordingly, the Court **ORDERS** further proceedings, including an evidentiary hearing, to obtain evidence on the following issues:

**(1) Liability of Defendants**

Corns seeks restitution by all Defendants. He argues that Local 166's motion for a retroactive election assumes Local 166 will be liable for the entirety of a restitution remedy, an assumption Plaintiff believes misstates the law. Local 166 argues that no judgment has yet been entered against it, and so indemnification, contribution, and joint and several liability of Defendants are all theoretical at this point.

The Court will take evidence on, and the parties are directed to address specifically, the liability of LIUNA and the District Council for the violation established here.

**(2) Remedy Under Consideration**

**(a) The Parties' Competing Proposals**

*(1) Local 166's Proposal*

While Local 166 concedes that restitution may be one available form of relief when dues are increased due to an LMRDA violation, it argues that the Court should take the facts and circumstances into account here and use its jurisdiction to supervise the disposition of the dues collected by ordering the affected union members to vote on such disposition. The dues increase at issue has been in effect since 2008. With approximately 238 active, retired, and honorary members of Local 166, and net assets of less than $200,000, an order of reimbursement directed at Local 166 might cause serious financial impact or, as Local 166 argues, the demise of the local itself. Local 166 further argues that a retroactive vote would allow the members of the union, many of whom were also members at the time of the vote in 2008, to decide whether they will retroactively approve the dues increase or whether they will vote to assess themselves a substantial amount to cover the amount of restitution liability – which in some cases would be liability to "reimburse" themselves.

Local 166 argues that, under similar circumstances, other courts have ordered that a retroactive election regarding a dues increase is the most appropriate remedy. *See Sertic v.*

*Cuyahoga, Lake, Geauga & Ashtabula Counties Carpenters Dist. Council of United Bhd. of Carpenters & Joiners of Am.*, 423 F.2d 515, 522 (6th Cir. 1970) ("Any funds collected under the wage assessment… belong to the members [unions]… It is for these members to decide what disposition should be made of these funds in accordance with the Union constitution and bylaws" under the supervision of the court); *Barnes v. Sanzo*, 680 F.2d 3 (2d Cir. 1982) (retroactive election ordered by court was "fair, reasonable and 'appropriate' within the meaning of section 102 of the LMRDA" where individuals voting on the retroactive approval of each dues increase were, to the extent possible, the same as those who could have voted when the increases were first implemented, and small size of the union compared to the amount of dues at issue would mean restitution would be "as disadvantageous to the membership as to the Union officials"); *Myers v. Hoisting and Portable Local 513*, 653 F.Supp. 500, 510-511 (E.D. Mo.1987) (in a case involving the question of whether vote was by "secret ballot," court found that a retroactive secret ballot election was an appropriate post-trial remedy for violation); *Kelly v. Local No. B-183*, 566 F.Supp. 1199, 1202 (S.D.N.Y. 1983) (challenge to validity of a secret ballot vote on a dues increase, appropriate judgment was an order requiring the union to conduct a true secret ballot election); *cf. Reid v. Am. Postal Workers Union, AFL-CIO*, 84-CV-1669, 1985 WL 56753 (E.D. Mich. May 28, 1985) (retroactive election as in *Sertic* not appropriate because evidence of intentional deception in prior election, making an internal union remedy "useless").

Local 166 contends that a retroactive vote is consistent with Ninth Circuit's decision since the court only reversed this decision based on the technical failure to make clear in the Constitution that Local 166 members are also members of the NCDCL. As in the cases cited above, the LMRDA violation here did not involve wrongdoing by the union's officers.

With respect to the specifics of a retroactive election, Local 166 suggests that ballots should be provided to eligible members at either a specially convened membership meeting after reasonable notice, or a monthly membership meeting, with ballots cast and the votes counted at the meeting.

Plaintiff disagrees, contending that, if former members are to vote, a mail ballot may be the only reasonable way of allowing retired members or members who have relocated an opportunity to

9

vote. Further, Plaintiff suggests that: (*i*) the management of the election itself, and locating members who have moved or retired, should be by some independent party, rather than the union, in order to assure the integrity of the vote; (*ii*) some provision must be made for those members who would have been eligible to vote at the time, but have since died or become incompetent; (*iii*) the voting information should include the dollar figures of any reimbursement remedy and who would pay for that remedy; and (*iv*) that there be an opportunity for lobbying for and against the choices offered on the ballot.

### *(2) Plaintiff's Proposal*

Plaintiff argues that restitution of the dues collected as a result of the improper vote is the appropriate and standard remedy for a violation of Section 101(a)(3). Federal courts have ordered restitution of union dues unlawfully collected. *See Stolz v. United Bhd. of Carpenters and Joiners of America, Local Union No. 971*, 620 F. Supp. 396, 401 (D. Nev. 1985) (citing several cases); *Teas v. Local 413, International Brotherhood of Teamsters*, 504 F. Supp. 12, 17 (S.D. Ohio 1978). Plaintiff contends that restitution is particularly appropriate here because Local 166's officers and employees obtained an excessive benefit from the dues increase. Plaintiff offers evidence of the amount the local union pays for salaries and disbursements to its officers and staff.

Plaintiff argues that appropriate relief must ensure that unions and their officials do not profit from their wrongdoing and members are not deterred from enforcing rights under the LMRDA. For this reason, Plaintiff contends that a retroactive vote would be contrary to the statutory language and the goals of the LMRDA, which would mean little if unions could simply call a "do-over" vote to correct the process after being sued. Such a course would present a serious deterrent to members who might otherwise challenge a dues increase, as the costs would invariably outweigh the likely benefits. Further, because the statute prohibits voting by proxy, 29 U.S.C. § 402(k), a retroactive vote would be inappropriate. Any retroactive vote would necessarily be a proxy vote, either with current members voting on the rights of the set of members at the time of the increase, or former members voting on a dues increase that affects current members, or a combination diluting the other group's vote. Thus, the First Circuit held that "it [is] more consonant with the intent of Congress to hold that dues increases illegally collected cannot be

ratified, and that they should be refunded." *Local No. 2, Inter. Broth. Of Telephone Workers v. Inter. Broth. Of Telephone Workers*, 362 F.2d 891, 886 (1st Cir. 1966). Based on these authorities, Plaintiff contends that restitution is the appropriate remedy.

### B. FACTORS UNDER CONSIDERATION REQUIRING ADDITIONAL EVIDENCE

#### 1. Retroactive Vote

The Court, in weighing the propriety of a retroactive vote, will entertain additional evidence and argument from the parties. Therefore:

(a) Defendants shall provide the Court with a list of all current and former members impacted, including their last known contact information; and

(b) the parties shall provide the Court with any updates on their position as to the procedures that should be followed and the specific information to be provided to those voting, on the ballot and otherwise.

#### 2. Accounting of Dues Collected

At the time of the briefing, Local 166 represented that it was working with its trust fund administrator to determine hours worked and dues collected during the relevant time period. Preliminary calculations for the East Bay and West Bay contracts through July 2013 were in excess of $313,000, and did not include interest, attorney fees or costs. The calculations also did not include South Bay contracts. Defendants are therefore **ORDERED** to provide:

(a) a full accounting as to what dues would be owed to *each* Local 166 member whose dues were increased due to the improper vote, including a break-down as current and former members;

(b) a full accounting of how the dues collected were used; and

(c) a full explication of each Defendants' finances and ability to pay.

#### 3. Imposition of a Fine

The parties shall present evidence and authority concerning the propriety of imposition of fine as a remedy for the LMRDA violation, and against whom such a fine should run.

//
//
//

### 4. Attorneys' Fees

The parties shall also present evidence and authority on attorneys' fees as part of an appropriate remedy for the violation. Plaintiff shall provide evidence concerning the amount of fees sought, including task-based billing and a calculation of the lodestar.

### C. FURTHER PROCEEDINGS TO DETERMINE APPROPRIATE RELIEF

1. The Court will conduct further proceedings in an evidentiary hearing on **May 16, 2014**, at 9:30 a.m in Courtroom1, U.S. District Courthouse, 1301 Clay Street, Oakland.

2. The Court will conduct a pre-hearing conference on Monday, **April 28, 2014**, at 9:30 a.m.;

3. The parties shall file briefing addressed to the above issues no later than **April 23, 2014**. The parties shall also file a **JOINT** list of proposed witnesses and the nature of their proposed testimony, as well as an estimated length of time for presentation of that testimony no later than **April 23, 2014**.

## III. CONCLUSION

Accordingly, the Motion for Order Directing Retroactive Election and Request For Stay of Proceedings is **DENIED WITHOUT PREJUDICE**.

This terminates Docket No. 58.

**IT IS SO ORDERED**.

Date: March 31, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**